UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. TUCKER, | No. 2:18-cv-0035 KJN P |
| Petitioner, | |
| v. | ORDER |
| SACRAMENTO STATE PRISON WARDEN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 31, 2018, petitioner filed an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

On January 22, 2018, the undersigned observed that the petition is addressed to the California Supreme Court. (ECF No. 1.) Petitioner was advised that if he intended the petition to be filed in the California Supreme Court, he must mail his petition to that court directly. (ECF no. 5 at 2.) In a handwritten declaration attached to his request to proceed in forma pauperis, petitioner noted that his petition was returned by the California Supreme Court because it had the wrong heading, but that he has since filed his petition in the California Supreme Court. Petitioner

1

requested a stay until the writ is adjudicated by the California Supreme Court. As explained below, petitioner's filing is insufficient to demonstrate that he is entitled to a stay.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Here, if petitioner has claims not yet exhausted in state court, petitioner must decide whether to proceed on his exhausted claims, if any, or he must file a motion for stay that identifies the type of stay he seeks. Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action. See Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition).

First, under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278; Mena v. Long, 813 F.3d 907, 911 (9th Cir. 2016) ("a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines."). The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

"Good cause" under Rhines is not clearly defined. The Supreme Court has explained that in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024. In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable component of the Rhines test," and that although "a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Second, the court may also stay a petition setting forth only exhausted claims, to permit exhaustion of additional claims with the intention that they will be added by amendment following exhaustion. King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063). If the petition currently on file is fully exhausted, petitioner could seek a stay-and-abeyance order to exhaust claims not raised in that federal petition under Kelly. However, the Ninth Circuit has warned that "[a] petitioner seeking to use the Kelly procedure will be able to

amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King, 564 F.3d at 1140-41. If a petitioner's newly-exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition.

If petitioner seeks to file a motion for stay under Rhines, he must file a motion for stay and address each of the three Rhines elements set forth above. If petitioner seeks to stay this action under Kelly, petitioner is warned that the Kelly approach is riskier for petitioners in that the timeliness of the new claims will depend on whether they "relate back" to the original, timely filed claims. King, 564 F.3d at 1142, citing Mayle v. Felix, 545 U.S. 644 (2005).

Here, it does not appear that any of petitioner's claims are exhausted. If the instant petition contains no exhausted claims, petitioner may not use the Kelly approach.

Thus, petitioner is granted thirty days in which to file a motion for stay. By this order, the undersigned makes no ruling as to whether or not a motion for stay would be granted.[2] Petitioner is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted; and

2. Petitioner is granted thirty days in which to file a motion for stay; if he seeks a stay under Rhines, petitioner must address each of the required elements: (1) "the petitioner had good

////

---

[2] Petitioner should not unduly delay the exhaustion of any claims in state court. A one year statute of limitations is applicable to all claims presented in a federal habeas corpus petition. See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one year statute of limitations applied to each claim in a habeas petition on an individual basis). Moreover, if petitioner exhausts any claim during the pendency of this action, petitioner may seek leave to amend his petition at that time to include such newly-exhausted claims. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (if a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition).

cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."

Dated: March 7, 2018

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/tuck0035.stay.opt