UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ALLEN TUCKER,<br><br>    Petitioner,<br><br> v.<br><br>WARDEN, SACRAMENTO STATE PRISON,<br><br>    Respondent. | No. 2:18-cv-0035 TLN KJN P<br><br><br>ORDER |

I. Introduction

  Petitioner is a state prisoner, proceeding pro se and in forma pauperis, with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner filed a motion for stay and abeyance of this action under Rhines v. Weber, 544 U.S. 269 (2005) ("Rhines"). As set forth below, petitioner's motion is granted.[1]

II. Petitioner's Arguments

  Petitioner states that he is in the process of exhausting the instant claims in the California Supreme Court; his petition was filed on January 29, 2018, Case No. S246809. Petitioner seeks to stay his federal habeas petition until the California Supreme Court issues its decision, and

---

[1] By this order, the undersigned makes no finding as to the timeliness of any of petitioner's habeas claims under 28 U.S.C. § 2244(d)(1).

1

appears to contend that the pendency of the state petition constitutes good cause under Rhines. (ECF No. 11 at 2.) Petitioner argues that all of his claims are meritorious, and denies he has engaged in any dilatory litigation tactics.

III. Applicable Law

Proper exhaustion of state court remedies requires that each federal claim be presented to the state's highest court. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). Under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278. The Supreme Court made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay under Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

The Rhines stay procedure may be applied both to petitions which contain only unexhausted claims and to petitions that are "mixed" -- that is, petitions containing both exhausted and unexhausted claims. See Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016).

IV. Discussion

A. Good Cause

"The case law concerning what constitutes 'good cause' under Rhines has not been developed in great detail." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (citing Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014) ("There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust.")) The Supreme Court has addressed the meaning of good cause only once, stating in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to exhaust. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 278).

The Ninth Circuit has provided limited guidance. Under Ninth Circuit law, the "good cause" test is less stringent than an 'extraordinary circumstances' standard. Jackson v. Roe, 425

F.3d 654, 661-62 (9th Cir. 2005). However, a petitioner cannot establish good cause simply by alleging that he was "under the impression" that his claim was exhausted. Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008). Ineffective assistance of post-conviction counsel can constitute good cause for a Rhines stay. Blake v. Baker, 745 F.3d at 983. The Ninth Circuit concluded that the Rhines standard for cause based on ineffective assistance of counsel "cannot be any more demanding" than the cause standard required to excuse the procedural default of a habeas claim, as set forth in Martinez v. Ryan, 132 S. Ct. 1309 (2012). Blake, 745 F.3d at 983-84. Recently, the Ninth Circuit held that a total absence of post-conviction counsel will constitute good cause. Dixon, 847 F.3d at 721.

Here, review of the California Supreme Court website[2] confirms that petitioner is proceeding pro se in his state collateral challenge. Under Dixon, the absence of post-conviction counsel is sufficient to establish good cause for a stay under Rhines. See Dixon, 847 F.3d at 714, 721.

B. Potentially Meritorious Claims

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon, 847 F.3d at 722 (quoting Rhines, 544 U.S. at 277). A claim is "plainly meritless" only if "it is perfectly clear that the petitioner has no hope of prevailing." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). A petitioner satisfies this showing by presenting a "colorable" claim. Dixon, 847 F.3d at 722; Lucas v. Davis, 2017 WL 1807907, at *9 (S.D. Cal. May 5, 2017) (citing Dixon and using the "'colorable claim' standard to analyze whether a claim is 'plainly meritless.'").

Here, in one claim, petitioner alleges that his sentence violates the Eighth Amendment because he was only 18 at the time he was sentenced, Miller v. Alabama, 567 U.S. 460 (2012),

---

[2] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

3

suggesting he was under 18 at the time of the underlying crimes, and states he has not been afforded a youthful offender hearing. It is unclear at this juncture that such claim is plainly meritless. Because such claim is "colorable," see Cassett, 406 F.3d at 623-24, and not plainly meritless, this prong of Rhines is satisfied.[3]

### C. Intentionally Dilatory Tactics

Finally, as a third factor to consider, the Supreme Court stated that "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." Rhines, 544 U.S. at 278.

Here, there is no evidence of intentionally dilatory litigation tactics. Indeed, petitioner's state habeas petition has been pending in the California Supreme Court since January 29, 2018. Thus, it appears that petitioner is presently exercising diligence in attempting to exhaust his claims.

## V. Conclusion

For all of these reasons, petitioner's motion for stay is granted. While the court grants petitioner's motion for stay, petitioner is cautioned that he must promptly seek to lift the stay once the California Supreme Court addresses his petition. Rhines, 544 U.S. at 278 (District courts must "place reasonable time limits on a petitioner's trip to state court and back."). Thus, petitioner shall file a motion to lift the stay in this court within thirty days from the date the California Supreme Court issues a final order resolving his unexhausted claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for stay and abeyance (ECF No. 11) is granted;

2. Within thirty days from the date the California Supreme Court issues a final order resolving the unexhausted claims, petitioner shall file in this court a motion to lift the stay; and

////

////

////

---

[3] The discussion of the potential merit of petitioner's unexhausted claims is not a determination of the merits of such claims.

3. The Clerk of the Court is directed to administratively terminate this action.

Dated: May 10, 2018

/tuck0035.stay

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE