UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ALLEN TUCKER,<br><br>Petitioner,<br><br>v.<br><br>JOSE GASTELO,[1]<br><br>Respondent. | No. 2:18-cv-0035 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel. Respondent moves to dismiss petitioner's amended petition on the grounds that his challenge to his conviction is barred by the statute of limitations, and his claim concerning parole fails to state a cognizable federal habeas claim. Petitioner filed an opposition, and respondent filed a reply. As set forth below, the undersigned recommends that the motion to dismiss be granted.

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth

---

[1] Petitioner was transferred to California Men's Colony, where the current warden is Jose Gastelo. Accordingly, Warden Gastelo is substituted as respondent in this matter. Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

III. Is the Petition Untimely?

Respondent argues that petitioner filed his federal habeas petition decades after the limitations period expired. (ECF No. 32 at 3.) Petitioner counters that under California law, sentencing errors are not held to time constraints. (ECF No. 37 at 1.)

A. AEDPA Standards

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered. Nedds v. Calderon, 678 F.3d 777, 780 (9th

Cir. 2012). However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)). Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214. In Carey, the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review. Id., 536 U.S. at 220, 222-23. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

   B. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

   1. Petitioner pled no contest to kidnapping for robbery.[2] (ECF No. 19-3 at 1.) On December 21, 1984, petitioner was sentenced to life with the possibility of parole. (Respondent's Lodged Document ("LD") 1 (ECF No. 19-1).)[3]

   2. Petitioner did not file an appeal.

   3. On December 22, 2017,[4] petitioner filed his first petition for writ of habeas corpus in

---

[2] "In exchange, robbery and vehicle theft charges were dismissed and the court struck the firearm enhancement." Id.

[3] "This sentence was to run concurrently to a six-year sentence for a robbery with personal use of a firearm out of Fresno County, concurrent to two five-year sentences for convictions out of Merced and El Dorado Counties." (ECF No. 19-3 at 1.)

[4] Petitioner's filings are given benefit of the mailbox rule. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to

3

the Sacramento County Superior Court. (LD 2 (ECF No. 19-2).) On February 26, 2018, the petition was denied in a reasoned decision. (LD 3 (ECF No. 19-3).)

    4. On January 24, 2018, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 4 (ECF No. 19-4).) On June 13, 2018, the California Supreme Court denied the petition without comment. (LD 5 (ECF No. 19-5).)

    5. On December 22, 2017, petitioner filed his original petition in this action. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases. Petitioner filed his amended petition on February 10, 2019. (ECF No. 30 at 75.)

    C. <u>Statutory Tolling?</u>

Under 28 § 2244(d)(1)(A), the limitations period begins running on the date that petitioner's direct review became final or the date of the expiration of the time for seeking such review. <u>Id.</u> Here, petitioner did not file an appeal; his conviction became final sixty days later on February 19, 1985. Cal. Rules of Court 8.308(a); <u>Mendoza v. Carey</u>, 449 F.3d 1065, 1067 (9th Cir. 2006). However, because AEDPA had not yet taken effect, the limitation period did not start running until April 24, 1996, the date AEDPA went into effect. <u>Pace v. DiGuliemo</u>, 544 U.S. 408, 423 (2005); <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Fed. R. Civ. P. 6(a)). Thus, absent tolling, petitioner's last day to file his federal petition was on April 24, 1997.

Here, all of petitioner's collateral challenges in state court were filed decades after the limitations period expired on April 24, 1997. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. <u>Ferguson</u>, 321 F.3d at 823; <u>Jiminez</u>, 276 F.3d at 482.

Thus, petitioner is not entitled to statutory tolling for challenges to his criminal conviction.

    D. <u>State Law is Inapplicable to the Timeliness Determination</u>

Further, petitioner contends that he may challenge his unauthorized sentence at any time, relying on California law. (ECF No. 37 at 1.) Petitioner's reliance on state law is unavailing.

---

prison authorities for mailing). Here, petitioner's first state habeas petition was handed to prison officials for mailing on December 22, 2017. (ECF No. 19-2 at 43 (proof of service).)

Federal law, not state law, governs the deadline for filing federal habeas proceedings. 28 U.S.C. § 2244(d).

### E. Equitable Tolling

In his opposition, petitioner does not dispute the state court filings or dates argued in respondent's motion to dismiss, and does not contend that he is entitled to equitable tolling.

"Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'" McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653. As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010), citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

The instant record reveals no basis for equitable tolling, particularly given the long delay in bringing the instant petition. Such lengthy delay demonstrates that petitioner was not diligent. Petitioner did not file a petition in the California Supreme Court until 2018. On this record, the court cannot find that petitioner diligently pursued his rights. Accordingly, petitioner has not met his burden of demonstrating the existence of grounds for equitable tolling.

### F. Conclusion

Because petitioner's challenge to his 1984 conviction is barred by the statute of limitations, his claims should be dismissed.

## IV. Is the Parole Challenge Cognizable?

Petitioner argues that the process used to determine parole eligibility is unconstitutional. Petitioner claims he is subject to an unauthorized sentence because the Board of Parole Hearings

(hereafter "Board") failed to affix a term pursuant to the holding in In re Butler. (ECF No. 30 at 5.) Petitioner argues the Board should have taken petitioner's youth into account and considered the Miller factors, citing Miller v. Alabama, 567 U.S. 460 (2012), and argues Miller was made retroactive by the Supreme Court in Montgomery v. Louisiana, 136 S. Ct. 718 (2016). Petitioner contends that based on other recent state laws, the Board should have set a parole eligibility date. He also appears to argue that he is subject to an unauthorized sentence because he was a youth when sentenced, and the "Youth Parole Hearing" created a new sentencing scheme, citing People v. Franklin, 63 Cal. 4th 261 (2016). (ECF No. 37 at 2.)

Respondent counters that any challenge to a parole decision is limited to a showing that his procedural due process rights were violated, and that petitioner's reliance on state law fails to implicate any federal constitutional right.

      A. <u>Federal Review of State Parole Decisions</u>

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), Wilson v. Corcoran, 562 U.S. 1, 16 (2010) ("it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."). "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (internal quotations and citation omitted).

In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the Board or the governor. See Swarthout v. Cooke, 562 U.S. 216, 220-21 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. Swarthout, 562 U.S. at 220-21. The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of reasons

why parole was denied.  Id. at 221; Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

B. Discussion

To the extent petitioner asserts he should have been granted parole or a parole eligibility date, such claim is unavailing.  "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence."  Swarthout, 562 U.S. at 220 (citing Greenholtz, 442 U.S. at 7; see also Harris v. Long, 2012 WL 2061698, at *8 (C.D. Cal. May 10, 2012) ("[T]he Court is unaware of any United States Supreme Court case holding that either the denial of parole and continued confinement of a prisoner pursuant to a valid indeterminate life sentence, . . . constitutes cruel and unusual punishment in violation of the Eighth Amendment."), adopted, 2012 WL 2061695 (C.D. Cal. June 6, 2012); Prellwitz v. Sisto, 2012 WL 1594153, at *6 (E.D. Cal. May 4, 2012) (rejecting a similar Eighth Amendment claim and holding that "[w]hile petitioner might have hoped or expected to be released sooner, the Board's decision to deny him a parole release date has not enhanced his punishment or sentence."), adopted, No. 2:07-cv-0046 JAM EFB (E.D. Cal. July 27, 2012); Rosales v. Carey, 2011 WL 3319576, at *8 (E.D. Cal. Aug. 1, 2011) ("[T]he Ninth Circuit has said that any emotional trauma from dashed expectations concerning parole 'does not offend the standards of decency in modern society.'") (quoting Baumann v. Arizona Dept. of Corrections, 754 F.2d 841 (9th Cir. 1985)), adopted, No. 2:03-cv-0230 JAM CKD (E.D. Cal. Sept. 29, 2011).

Rather, as stated above, the sole inquiry here is whether petitioner has been afforded procedural due process.  The United States Supreme Court has held that procedural due process in the parole context is "minimal" and that the Constitution "does not require more" than the petitioner be "allowed an opportunity to be heard and [be] provided a statement of the reasons why parole was denied."  Swarthout, 562 U.S. at 220.  Thus, petitioner's argument that "parole suitability hearings are not primarily restricted to procedural due process safeguards" (ECF No. 37 at 2) is incorrect under Swarthout.

Although petitioner did not provide a copy of transcripts from his parole hearings, the record reflects that petitioner had a parole eligibility hearing as early as 2000, and at least one

subsequent parole hearing. (ECF No. 19-3 at 3.) As argued by respondent, petitioner does not allege that he was not present at a parole hearing, or that he was not given a statement of reasons for the denial of parole in violation of his federal due process rights. Rather, petitioner argues that the process of determining a parole eligibility date is unconstitutional, which is not cognizable because such challenge is solely based on state law. "[T]he *federal* due process protections do not include adherence to California procedures." McGee v. Arnold, 2016 WL 1060203, at *3 (E.D. Cal. March 17, 2016) (citing Swarthout, 562 U.S.at 863), adopted No. 2:15-cv-02318 TLN GGH (E.D. Cal. April 20, 2016). Thus, petitioner fails to state a cognizable challenge to his parole proceedings.

### 1. Reliance on Miller Unavailing

The Supreme Court's decision in Miller does not provide petitioner relief. 567 U.S. at 479. In Miller, the Supreme Court held unconstitutional a mandatory sentence of life without the possibility of parole for a homicide committed when the defendant was fourteen years old. Id. A state must provide a juvenile offender[5] "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." Graham v. Florida, 560 U.S. 48, 75 (2011). In 2016, the Supreme Court determined that Miller applies retroactively. Montgomery, 136 S. Ct. at 736. Thereafter, the Ninth Circuit explained that "[b]ecause [life without parole] is the 'ultimate penalty for juveniles . . . akin to the death penalty,'" it 'demand[s] individualized sentencing,' including consideration of the juvenile's age and the circumstances of the crime. Demirdjian v. Gipson, 832 F.3d 1060, 1076-77 (9th Cir. 2016), cert. denied, 138 S. Ct. 71 (2017) (quoting Miller, 567 U.S. at 475).

Here, petitioner was not sentenced to life without the possibility of parole, and was not a juvenile at the time the crime was committed. Rather, petitioner was 19 years old when he committed the offense and 21 years old when he entered the plea. (ECF No. 19-3 at 2.) Thus, petitioner's reliance on Miller is without merit. See United States v. Shill, 740 F.3d 1347, 1356

---

[5] The United States Supreme Court has defined specific rights applicable to juvenile offenders. In Roper v. Simmons, the Supreme Court held that sentencing juveniles under the age of 18 to death is unconstitutional. 543 U.S. 551, 575 (2005). For example, "a 'juvenile' is a person who has not attained his eighteenth birthday. . . ." 18 U.S.C. § 5031.

8

(9th Cir. 2014) ("Both Graham and Miller expressly turned on two factors not present here: a juvenile offender and a sentence of life in prison without parole."). Nevertheless, the Sacramento County Superior Court reasonably determined that petitioner's sentence did not violate Miller because petitioner failed to demonstrate he was not provided a parole hearing under California Penal Code Section 3051. (ECF No. 19-3 at 2.) At his 2000 parole eligibility hearing, petitioner would have been 37, well within his natural life expectancy, and has since had another parole hearing. Thus, petitioner's sentence, while lengthy, is not the functional equivalent of life without the possibility of parole because he continues to have opportunities for parole within his lifetime. See, e.g., Demirdjian, 832 F.3d at 1077 (holding juvenile sentence of two consecutive terms of 25-years to life, where parole eligibility arose at age 66, was not the "functional equivalent" of a life without parole sentence); Toledo v. Johnson, 2017 WL 442905, at *32 (C.D. Cal. Jan. 25, 2017) (state court reasonably rejected claim that 50-year sentence was the functional equivalent of life without the possibility of parole where prisoner would be eligible for parole at age 71, and enactment of California Penal Code § 3051 mooted Toledo's Miller claim); Hart v. Beard, 2016 WL 8456753, at *8 (C.D. Cal. Nov. 16, 2016) (41-year sentence was "not within the category of the harshest possible term of imprisonment for juvenile offenders because it does not preclude the possibility of parole within [Hart's] lifetime" where Hart was eligible for parole at age 51).

### 2. People v. Franklin

Further, federal habeas relief is unavailable to the extent petitioner claims that the California Supreme Court's holding in People v. Franklin, 63 Cal. 4th 261 (2016),[6] cert. denied, 137 S. Ct. 573 (2016), retroactively entitles him to create a record the Board could use to consider mitigating evidence tied to petitioner's youth (ECF No. 37 at 1), because his claim is solely based on state law. But even if petitioner could demonstrate he is entitled to such an opportunity, petitioner would not be guaranteed release on parole or the setting of a parole eligibility date

---

[6] In Franklin, the California Supreme Court held that Penal Code section 3051 mooted Eighth Amendment challenges to life-equivalent sentences for juvenile offenders. Franklin, 63 Cal. 4th at 284.

because the youth factors are just one of numerous factors the Board considers in determining suitability for release. Because such relief would not necessarily result in petitioner's immediate or earlier release from prison, any alleged claim regarding such entitlement to create a record of such youth factors is not cognizable on federal habeas. See Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (*en banc*) (Nettles claim was not cognizable on habeas because success on such claim "would not necessarily lead to his immediate or earlier release from confinement"), quoting Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011).

### 3. Reliance on Butler and Other State Laws Unavailing

Petitioner's reliance on In re Butler, 236 Cal. App. 4th 1222 (2015), rev'd, 4 Cal. 5th 728 (2018), is unavailing as well. Petitioner's claim that the Board failed to set a term of years, rendered his sentence disproportionate, or violated the terms of the Butler settlement or the state appellate court's decision in In re Butler (ECF No. 30 at 30-33), alleges only a violation of state law which is not cognizable on federal habeas corpus. See Estelle v. McGuire, 502 U.S. at 67-68; see also Wheeler v. Gastelo, 2019 WL 3069172 (C.D. Cal. May 30, 2019), adopted, 2019 WL 3067588 (C.D. July 8, 2019) (Wheeler not entitled to habeas relief based on "claims that the Board improperly weighed the evidence, denied parole without sufficient evidence, failed to consider favorable factors including [Wheeler's] youth at the time of the offense and failed to follow state law concerning assertedly mandated terms and the use of juvenile matrices.); Tome v. Gastelo, 2019 WL 920204, at *7 (C.D. Cal. Feb. 1, 2019), adopted, 2019 WL 917051 (C.D. Cal. Feb. 25, 2019) (allegation that Board failed to adhere to In re Butler settlement terms did not state a federal habeas claim); Butler v. Arnold, 2018 WL 5920147, at *2 (E.D. Cal. Nov. 13, 2018) (same). Petitioner's citation to other state laws, i.e. SB-260, SB-261, Proposition 9,[7]

---

[7] **Error! Main Document Only.**California Proposition 9, also known as Marsy's Law, approved by California voters in November 2008, amended California law governing parole deferral periods. See Gilman v. Davis, 690 F. Supp. 2d 1105, 1109-13 (E.D. Cal. 2010), rev'd sub nom. Gilman v. Schwarzenegger, 638 F.3d 1101 (9th Cir. 2011). Prior to Marsy's Law, the Board deferred subsequent parole suitability hearings to indeterminately-sentenced inmates for one year unless the Board determined it was unreasonable to expect that parole could be granted the following year, in which case the Board could defer the subsequent parole suitability hearing for up to five years. Cal. Pen. Code § 3041.5(b)(2) (2008). Marsy's Law amended § 3041.5(b)(2) to impose a minimum deferral period of three years, and to authorize the Board's deferral of a

Assembly Bill No. 1308, and other California cases, do not apply here because petitioner's federal due process rights in a parole hearing are governed by the Supreme Court's decision in <u>Swarthout</u>, 562 U.S. at 220, and are limited to minimal procedural due process only, as discussed above. See <u>Miller v. Oregon Bd. of Parole</u>, 642 F.3d 711, 716-17 (9th Cir. 2011) (issue is not whether Board's parole denial was "substantively reasonable," or whether the Board correctly applied state parole standards; issue is simply "whether the state provided Miller with the minimum procedural due process outlined in <u>[Swarthout v.] Cooke</u>").

        4. <u>Conclusion</u>

Here, petitioner fails to demonstrate that his federal due process rights under <u>Swarthout</u> were denied. Thus, his claims are not cognizable in this habeas proceeding. In other words, petitioner's claims that his due process rights were violated by the failure of the Board to consider plaintiff's youth or failed to set a parole eligibility date must be dismissed because such claims only concern state law issues. <u>Estelle</u>, 502 U.S. at 68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Respondent's motion to dismiss should be granted because petitioner's parole claims are not cognizable.

V. <u>Eighth Amendment Claim</u>

Finally, petitioner argues his sentence is disproportionate to his crime in violation of the Eighth Amendment.

A criminal sentence that is "grossly disproportionate" to the crime for which a defendant is convicted may violate the Eighth Amendment. <u>Lockyer v. Andrade</u>, 538 U.S. 63, 72 (2003); <u>Rummel v. Estelle</u>, 445 U.S. 263, 271 (1980). However, outside of the capital punishment context, the Eighth Amendment prohibits only sentences that are extreme and grossly disproportionate to the crime. <u>United States v. Bland</u>, 961 F.2d 123, 129 (9th Cir. 1992) (quoting <u>Harmelin v. Michigan</u>, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). Such instances are "exceedingly rare" and occur only in "extreme" cases. <u>Lockyer</u>, 538 U.S. at 73; <u>Rummel</u>, 445

---

subsequent parole hearing for up to seven, ten, or fifteen years. <u>Id.</u> § 3041.5(b)(3) (2010).

U.S. at 272.

The Supreme Court has held that a life sentence is constitutional, even for a non-violent crime. See Rummel, 445 U.S. at 265-66 (upholding life sentence with the possibility of parole under Texas recidivist statute for a defendant convicted of obtaining $120.75 by false pretenses); see also Harmelin, 501 U.S. at 994-95 (upholding sentence of life without the possibility of parole for possession of 672 grams of cocaine by first time offender); Lockyer, 538 U.S. at 73-77 (affirming 25 years-to-life sentence under Three Strikes law for petty theft of $153.54 worth of videotapes).

In addition, "[a] life sentence for kidnapping for robbery is not grossly disproportionate." Wheeler, 2019 WL 3069172, at *7 (collecting cases); Drakeford v. Lizaraga, 2019 WL 1004583, at *7 (E.D. Cal. Mar. 1, 2019) (Drakeford's sentence of seven years to life for two counts of attempted kidnapping to commit robbery, robbery, and use of a firearm, "is not one of the "exceedingly rare" instances of a sentence that is so disproportionate to the crimes that it violates the Eighth Amendment"), citing see Hung Duong Nguon v. Virga, 2014 WL 996215, at *2 (E.D. Cal. Mar. 13, 2014) (life sentence not disproportionate to convictions for kidnapping and robbery with use of a firearm), adopted No. 2:12-cv-1913 MCE CMK (E.D. Cal. Mar. 28, 2014).

Such decisions demonstrate that the term petitioner has served to date for the crime of kidnapping for robbery is not so disproportionate as to violate the Eighth Amendment or due process. Thus, petitioner's sentence for kidnapping for robbery, while long, "cannot be said to be more extreme or disproportionate to the crime than sentences previously upheld under the Eighth Amendment." Thanh Tran v. Terhune, 2000 WL 33287983, *8 (N.D. Cal. Sept. 18, 2000). Petitioner's Eighth Amendment claim should be dismissed.

VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that Warden Jose Gastelo is substituted as respondent.

Further, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 32) be granted; and
2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 10, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ tuck0035.mtd.hc.sol.parole